RECEIVED
IN LAKE CHARLES

SEP 27 2016

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROBERTO MORALES NUNEZ,** **Plaintiff** | * * * | **CIVIL ACTION NO. 2:15-cv-00189** |
| v. | * * | **JUDGE MINALDI** |
| **UNITED FINANCIAL CASUALTY CO.,** et al., **Defendants** | * * | **MAGISTRATE JUDGE KAY** |

*****************************************************************

## MEMORANDUM ORDER

Before the court is a Motion for Summary Judgment (Rec. Doc. 48) filed by defendant Mansfield Industrial (Mansfield), an Opposition or, in the alternative, a motion to continue (Rec. Doc. 50) filed by plaintiff Roberto Nunuz (Nunez), and a Reply (Rec. Doc. 54) filed by Mansfield. For the following reasons, Manfield's motion (Rec. Doc. 48) is **DENIED**, and Nunez's motion to continue (Rec. Doc. 50) is **DENIED AS MOOT**.

### FACTS & PROCEDURAL HISTORY

On August 26, 2014, Nunez was rear-ended by an eighteen wheeler operated by defendant Gregory Rybalko (Rybalko). Initially Nunez sued Rybalko, GR Trucking, and United Financial Casualty Company. He later amended his complaint to add Mansfield as a defendant after discovering that the United States Department of Transportation (USDOT) Number (488944) listed on the officer's crash report was assigned to the motor carrier Mansfield Industrial.[1] Mansfield maintains that the report contains its USDOT Number in error and filed a motion for summary judgment on the basis that it has been joined to the suit in error (Rec. Doc. 48).

---

[1] (Rec. Docs. 50-1, 50-2).

1

## LAW & ANALYSIS

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). "Under Rule 56, summary judgment must be entered against 'a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375–76 (5th Cir. 2002) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)).

When ruling on a motion for summary judgment, the district court draws all reasonable inferences in favor of the nonmoving party. *Coury v. Moss, 529 F.3d 579, 584 (5th Cir. 2008)*. However, in the absence of proof, the court will not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). The non-movant cannot satisfy its burden by raising "some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or by only a scintilla of the evidence." *Little*, 37 F.3d at 1075. Additionally, "[t]he court will not weigh the evidence or evaluate the credibility of witnesses." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

By providing both the accident report that lists the vehicle owner's USDOT number as 488944 and the Federal Motor Carrier Safety Administration Webpage for DOT#488944, Nunez

has presented evidence that Mansfield was the owner of Rybalko's truck.[2] By providing affidavits, Mansfield has presented evidence that it was not the owner of Rybalko's truck.[3] Mansfield also argues that the police report is inadmissible hearsay.[4] However, under Federal Rule of Evidence 803(8), information on a police report in a civil case may be admissible as a public record. Therefore, police report, the Federal Motor Carrier Safety Administration Webpage, and Mansfield's affidavits create a genuine issue of material fact. While Mansfield presents a logical argument for why the police report erroneously recorded the USDOT number, the court will not weigh evidence or determine the credibility of evidence during a summary judgment motion. *See Morris*, 144 F.3d at 380 (citing *Anderson*, 477 U.S. at 255).

Mansfield also argues for the first time in its reply brief that even if it were the owner of the truck, Nunez's claims are based on Mansfield being Rybalko's employer and Nunez has not presented evidence that Mansfield employed Rybalko.[5] However, Nunez's complaint does not limit his claims against the defendants to only employer-employee based claims.[6] Accordingly,

IT IS ORDERED that Mansfield's Motion for Summary Judgment (Rec. Doc. 48) be and hereby is **DENIED.**

IT IS FURTHER ORDERED that Nunez's motion to continue (Rec. Doc. 50) be and hereby is **DENIED AS MOOT.**

Lake Charles, Louisiana, this 24th day of Sept , 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[2] (Rec. Docs. 50-1, 50-2).
[3] (Rec. Docs. 48-2, 48-3).
[4] Reply (Rec. Doc. 54).
[5] *Id.*
[6] Am. Compl. (Rec. Doc. 33).

3